IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **06-cv-02267-JLK**

**ARCADIA LODGING, LLP, et al,**

    Plaintiffs,

v.

**LANDAMERICA FINANCIAL GROUP, INC., a Virginia corporation,**

    Defendant.

_____

ORDER REMANDING CASE TO STATE COURT
_____

KANE, J.

This breach of contract/breach of fiduciary duty action is before me on Defendants' Notice of Removal and is set for a scheduling conference tomorrow, February 7, 2007. Because the parties' Stipulated Scheduling and Discovery Order demonstrates conclusively that the amount in controversy is insufficient to confer jurisdiction on this court I, on my own motion, ORDER the case REMANDED to the state court from which it originated.

Plaintiffs are nine individual partnerships or other entities who deposited escrow funds with defendants as sellers in various real estate transactions. As set forth in the parties' Stipulated Scheduling and Discovery Order filed January 30, 2007 (Doc. 11), "[e]ach of the Sellers separately entered into a Performance Guaranty Deficit Escrow Agreement ('Escrow Agreement(s)') with Defendants." Stipulated Sched. Order at p. 2.

Plaintiffs contend the interest rates paid by Defendants on their individual escrow accounts are artificially low and each seeks the difference between its return and the return it would have enjoyed had Defendants invested at a minimum in three-month risk free Treasury rates. One of the nine Plaintiffs claims a loss of interest in the amount of $14,508.41 and the other Plaintiffs each claim to have lost $18,779.91. *Id.* at 7 (Computation of Damages).

To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). Federal jurisdiction in the instant removal action is premised on diversity of citizenship under 28 U.S.C. § 1332. In this circuit, Courts are "rigorously [to] enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998)). "[T]here is a presumption against removal jurisdiction," *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *see Franklin*, 251 F.3d at 1289, so that all doubts are resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

In a removal case, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332, specifically including the amount in controversy requirement, have been satisfied. *Franklin*, 251 F.3d at 1290. When the plaintiff's damages are unspecified, the defendant must establish the jurisdictional amount by a preponderance of the evidence. *Id.* A defendant's assertion, with nothing more, that the

matter in controversy exceeds $75,000 is insufficient to establish removal jurisdiction. *See Huffman*, 183 F.3d at 1185 (plaintiff's deposition ultimately established amount in controversy exceeded jurisdictional minimum, but case remanded because defendant failed to remove case within thirty days of discovering that fact).

In the instant case, Defendants rely on Plaintiffs' "Simplified Procedure under C.R.C.P. 16.1" representation in their state court action Civil Case Cover Sheet to assert the amount in controversy "exceeds the sum or value of $75,000 exclusive of interest and costs" because "Plaintiffs are seeking a monetary judgment for more than $100,000 against Defendants." This alone is likely an inadequate basis for establishing the jurisdictional amount for diversity jurisdiction under applicable standards in this circuit,[1] but it is conclusively so in light of the representations set forth in the Stipulated Scheduling Order that Plaintiffs entered into separate Escrow Agreements with Defendants and claim each to have suffered loss under those Agreements.

> [T]he rule has long been that separate and distinct claims of multiple plaintiffs cannot be aggregated to satisfy the amount in controversy requirement, either in cases brought originally in federal court or in cases removed from state court. [Footnote omitted].

---

[1] Colorado's C.R.C.P. 16.1 Case Management Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third Party Complaint is a form accompanying the pleading of an initial pleading of a complaint requiring a party to check boxes indicating whether "Simplified Procedure" under Rule 16.1 applies in a given case. The form provides boxes indicating Simplified Procedure "**applies**" because the pleading party "does not seek a monetary judgment in excess of $100,000" or "**does not apply**" because, among other things, the pleading party "is seeking a monetary judgment for more than $100,000." The purpose of the form is to identify cases *for* "Simplified Procedure" under Rule 16.1 and to exclude all others. I decline to construe the checking of a box on a civil cover sheet as a factual representation or admission for removal purposes that the actual amount in controversy in a case is "in excess" of $75,000.

14C Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3725 (3d ed. West 1998). The aggregation of damages sought by multiple plaintiffs in a single action is only appropriate for purposes of determining whether the amount in controversy requirement for diversity jurisdiction is satisfied "when two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *See Crosby v. America Online, Inc.*, 967 F. Supp. 257 (D. Ohio 1997)(citing *Snyder v. Harris*, 394 U.S. 332, 335 (1969)). *See* Wright & Miller, *supra*, at n. 52 (citing *Crosby* and collecting cases). Such an interest exists when, "if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased." *Id.* (citation omitted). Here, Plaintiffs' interest is not for a common or undivided interest, but for specific, individual amounts contingent on the amounts each Plaintiff deposited in its individual escrow account with Defendants. I must consider the amount in controversy as to each Plaintiff individually, and none of these is more than $18,779.92. On the record before me, then, federal diversity jurisdiction does not lie. Accordingly,

This case is REMANDED to the District Court for Denver County, Colorado.

Dated February 6, 2007.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE